UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KIM COLSTON BRICKLEY                                CIVIL ACTION

v.                                                  NO. 11-1856

DELAWARE NORTH COMPANIES                            SECTION "F"
TRAVEL HOSPITALITY SERVICES, INC.

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the defendant's motion to dismiss pursuant to Rule 12(b)(6), noticed for submission on September 21, 2011, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] The defendant contends that the plaintiff has failed to state a claim on which relief may be granted.  Brickley seeks injunctive relief restraining Delaware North from terminating her employment as manager of an airport concessions business.  She claims that her termination is arbitrary and unjustified, and that she was not given notice so that she could begin exploring other employment opportunities.
      The defendant points out that Brickley's allegations fail to raise her right to recovery above the speculative level in that she alleges irreparable harm because Delaware North exercised a contractual right to require her employer, Pampy's, to replace Brickley as the on-site general manager of the subleased premises. Not only do Brickley's allegations fail to rise to the level of irreparable harm sufficient to warrant injunctive relief, but Brickley also fails to state a claim for relief in light of the fact that, as she alleges, is employed by Pampy's, not the

1

IS ORDERED that the defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED as unopposed. The plaintiff's claims are hereby dismissed.

                    New Orleans, Louisiana, September 19, 2011

                    _____
                          MARTIN L. C. FELDMAN
                      UNITED STATES DISTRICT JUDGE

---

defendant here, Delaware North. Delaware North goes on to point out that, even if Brickley were its employee, termination from an at-will employment arrangement does not give rise to a claim for injunctive relief. Brickley offers no response whatsoever, let alone any argument that the plausibility standard is satisfied by her allegations. For these reasons, she fails to state a claim for relief against Delaware North. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").